Oakley, J.
This case comes before us on separate demurrers to the first four counts.
*413 The defendant objects, in the first place, that no consideration for the undertaking on his part is alleged. The answer to this is, that the counts demurred to are upon mutual promises, and that the promise of the plaintiff to accept the goods and pay for them, is the consideration of the defendant’s promise to déliver them. This is no doubt a sufficient averment of a consideration.
The defendant objects, in the second place, that the three first counts do not aver a tender of the notes, by which payment for the goods was to be made. The averment is, that the plaintiff had “ always been ready and willing to accept and receive the goods, “ &c., and to pay for the same at the price and in the manner,” &e. I am of opinion that this averment is sufficient. The formal tender of the notes, which the plaintiff was not bound to part with, until the goods were delivered, could not be necessary.
In Porter v. Rose, [12 J. R. 212,] the court say that the result of all the modern cases on the subject is, that “ where two acts are “tobe done at the same time, as when one agrees to sell and deliver, “ and the other agrees to receive and pay,” an averment, by the purchaser of a readiness and willingness to pay, is necessary, and that such an averment must be proved at the trial. In West v. Emmons, [5 J. R. 179,] the principle is laid down, that where either party has the power to perform, without any act being previously necessary to be done by the other, the party bringing the action must aver performance, or a tender and refusal, which are equivalent to a performance. The action in that case, was upon a covenant, by which the defendant agreed to convey certain premises to the plaintiff; and the plaintiff covenanted to mortgage them to the defendant for a part of the purchase money, and the objection was, that the plaintiff ought to have averred a formal tender of the mortgage, and that the averment that he had always been ready and willing to execute the mortgage was insufficient. The court held otherwise. They say it would have been an idle ceremony to tender a mortgage, actually execúted, when the defendant refused to deliver the deed, and that it would invert the order in which the covenant was finally to be executed. So here, the actual making and tendering of the notes, would have been equally idle, when the defendant refused to deliver the goods. *414 The payment, in the natural order of things, was to follow the delivery, and although it was to be simultaneous, it was not to be completed until the goods were actually received.
The doctrine of this case is in accordance with that laid down in Rawson v. Johnson, [1 East. 203,] and in Waterhouse v. Skinner, [2 Bos. and Pul. 447.] In these cases, the action was on an agreement to sell and deliver personal chattels, at a stipulated price, by a given day. The plaintiff averred in his declaration, (as in the case now before us,) that he was ready and willing to pay for the goods, and to receive and accept the same, but that the defendant refused to deliver, &c. The averment was held sufficient, though no actual tender of the money was shown. It was said in those cases, that, under such an averment, the plaintiff must prove that he had the money ready to be paid if the property had been delivered. So in the present case, if the payment for the goods was to have been made in the notes of third persons, it would be incumbent on the plaintiff to prove that he was possessed of such notes ready to be given to the defendant. But the payment being to be made in the plaintiff’s own notes, which he could execute at any moment, it seems to me that a general averment, that he was ready and willing to execute and deliver his own notes, is all that the good sense of the contract requires; and that it was not necessary for him to show that he had actually tendered his notes, formally drawn and executed.
It is objected, in the third place, by the defendant, that in all the four counts, the damage resulting from the breach assigned, is stated to consist of a loss of the profits of the purchase, and that the loss of such profits does not afford any ground of action. In answer to this, it is sufficient to say, that as each count contains a proper breach of the agreement, the general averment of damage, in the conclusion of the declaration, applies to all, and the special averment of damage, in each count, may be rejected as surplusage.
Judgment for the plaintiff, with leave, &c.
[E. Curtis, Att'y for the plff. B. Clark, Att'y for the deft.]
Note.—See Bank of Col. v. Hagner, [1 Pet. R. 466.]