## TUCKER *v.* STATE.

### Opinion delivered June 1, 1908.

1. CRIMINAL PROCEDURE—EFFECT OF DEFECT IN AFFIDAVIT AND WARRANT OF ARREST.—A conviction in a misdemeanor case had before a justice of the peace will not be reversed because the affidavit and warrant of arrest describe the offense charged in a defective manner, since they performed their respective offices when the accused was brought before the justice for trial. (Page 437.)

2. MASTER AND SERVANT—ENTICEMENT OF SERVANT—CONSTRUCTION OF STATUTE.—Acts 1905, p. 726, providing that "if any person shall interfere with, entice away, *knowingly employ* or induce a laborer or renter who has contracted with another person for a specified time to leave his employer or the leased premises before the expiration of his contract without the consent of the employer or landlord," he shall be fined, etc., does not intend to punish one who knowingly gives employment to a laborer during the unexpired term of his contract with another, but the employment must be an interference with the laborer's performance of his prior contract with another, or an enticement of the laborer from his employer, or an inducement to him to leave the employer's services. (Page 438.)

3. SAME—EMPLOYMENT OF MINOR.—A contract of employment of a minor under fifteen years of age, not made in the manner required by Kirby's Digest, § 5023, is nevertheless within the mischief of Acts 1905, p. 726, making it a misdemeanor to "interfere with, entice away, knowingly employ or induce a laborer or renter who has contracted with another person for a specified time to leave his employer or the leased premises before the expiration of his contract." (Page 439.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*S. H. Mann,* for appellant.

1. The information is not sufficient to charge any affirmative act on the part of the appellant to entice or induce the boy to leave his employer, and is therefore not in compliance with the statute.

2. If it be held that the information comes within the terms of the statute, then it is in conflict with the Constitution. Art. 2, § 21, Const. As to the validity of such legislation, see 63 Cent. Law Journal 43 and cases cited. See also 58 Ark. 407.

3. It is in evidence that Sweet did not contract with the boy's mother, she being an idiot as he testified, but with an older brother, and it is not shown that the brother had authority to bind the boy by contract for services. Moreover, appellant denies that he employed him, and his purchase from the boy of a few buckets of mussels would not constitute an employment within the prohibition of the statute. 84 Ark. 412.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* Assistant, for appellee.

1. Appellant's objections to the affidavit and warrant of arrest are without merit. The affidavit need only furnish to the justice reasonable grounds for believing the truth of the charge. Kirby's Digest, § 2114. See also, *Id.* § 2110; 45 Ark. 536; 32 Ark. 124; 29 Ark. 299.

2. The statute is constitutional. 84 Ark. 412.

3. The evidence is amply sufficient to sustain the verdict.

McCulloch, J. Appellant was tried before a justice of the peace and convicted of a misdemeanor under an affidavit and warrant of arrest charging him with having wilfully interfered with and knowingly employed one Neely Johnson, a laborer, who was then under contract with one Sweet. On appeal to the circuit court he was again convicted, and has brought the case to this court on writ of error.

The court overruled a demurrer to the affidavit, which is the basis of the prosecution, and this is assigned as error. It is contended that the affidavit is defective because it does not contain the allegation either that the accused "enticed away" or "induced" the laborer to leave his employer or the leased premises. The demurrer was properly overruled. The affidavit and warrant of arrest need only describe in general terms the offense charged (Kirby's Digest, § § 2110, 2506), and have performed their respective offices in bringing the accused before the justice for trial. *Kinkead* v. *State,* 45 Ark. 536.

The statute which appellant is alleged to have violated was enacted May 6, 1905 (Act 1905, p. 726), amendatory of section 5030, which was a section of a statute passed in 1883 regulating labor contracts and the rights of the several parties thereto. The present statute reads as follows: "If any person

shall interfere with, entice away, knowingly employ, or induce a laborer or renter who has contracted with another person for a specified time to leave his employer or the leased premises, before the expiration of his contract, without the consent of the employer or landlord, he shall, upon conviction before any justice of the peace or circuit court, be fined not less than twenty-five nor more than one hundred dollars, and in addition shall be liable to such employer or landlord for all advances made by him to said renter or laborer by virtue of his contract, whether verbal or written, with said renter or laborer, and for all damages which he may have sustained by reason thereof."

It is contended that that part of the statute which declares it to be an offense to "knowingly employ" a laborer under contract with another person is void because it operates as a restriction upon freedom of action and the right to contract. Learned counsel for appellant argues in his brief that, if this feature of the statute be upheld, there is no limit to legislation in this respect, and that the lawmakers might as well enact a statute to the effect that, so long as a laborer is indebted to another by note or account, no one else can employ him without the employer's consent. If the statute was susceptible of that construction, we would be inclined to agree with counsel as to its invalidity, though there is authority for sustaining the validity of a statute having that effect. *Tarpley* v. *State,* 79 Ala. 271. But we do not agree with him as to the construction to be placed upon the language used. The words "knowingly employ" are used in the statute in connection with other words which imply that the employment must be done as an interference with the laborer's performance of his prior contract with another or as an enticement of the laborer away from his employer or an inducement of the laborer to leave the services of his employer. It is not intended as a punishment for merely giving employment to a laborer during the unexpired term of his broken contract with another person. Giving the statute this interpretation, it is plainly valid, and is very wholesome legislation. *Hightower* v. *State,* 72 Ga. 482; *Hoole* v. *Dorrah,* 75 Miss. 257; *State* v. *Harwood,* 104 N. C. 725; 20 Am. & Eng. Enc. L. p. 182; 26 Cyc. p. 1586.

Counsel is mistaken in assuming that the purpose of the

statute is solely to afford protection to the employer or landlord, and that the public at large is not interested in its enforcement. It tends towards the preservation of peace and good order, the prevention of bloodshed, disorder and strife, as well as to protect private rights.

It is next contended that the laborer, Neely Johnson, was a minor under fifteen years of age, and, as there was no binding contract between him and Sweet, no offense was committed by appellant in hiring him or interfering with the performance of the agreement to labor for Sweet. The act of 1883, a section of which the present statute amends, provides that "the contract of a minor, when approved by the parent having control of such minor, or, in case there be no parent, when approved by his guardian, or the contract of any minor over fifteen years of age having neither parent or guardian shall be binding." Kirby's Digest, § 5023.

The boy Johnson was under fifteen years of age, had no guardian, and his only surviving parent was an idiot, incapable of making a contract or of approving the contract of her child. The contract for service of the boy was made by Sweet with his elder brother, but the boy ratified it by his conduct and made it his contract until he saw fit to disaffirm and avoid it. The contract was not made in conformity with the statute. The question, therefore, arises is it an offense under the statute to interfere with the performance of a contract not made in conformity with the statute?

This section of the statute, before the amendatory act of 1905 was enacted, in terms only applied to contracts made in conformity with the terms of the statute. But the act of 1905 omitted that expression, and made its terms apply to all contracts "with another person for a specified time."

The contract between Sweet and the minor was valid, and it was voidable only by the latter. We think that, until the contract was actually avoided by the minor, it was a criminal offense under the statute for any one to interfere with his performance of the contract or to entice him away, or to knowingly employ him by way of inducement to him to break his contract. The contract, until disaffirmed and avoided by the minor, created the relation of employer and employee, and it was as much a viola-

tion of the statute to interfere with and cause the breach of that kind of a contract as it is to interfere with the performance of a contract made in conformity with the statute. The criminal part of the statute, we think, applies to all contracts, and a contract with a minor is valid and binding until disaffirmed. The interference with the performance of such a contract is within the mischief sought to be corrected by the statute. *Tartt* v. *State,* 86 Ala. 26; *State* v. *Harwood,* 104 N. C. 724.

It is also urged that the evidence does not show that appellant employed the boy or interfered with the performance of the contract with Sweet, and is insufficient to sustain the verdict. While the evidence is not altogether satisfactory, we think there was enough evidence of a substantial character to justify a finding by the jury that appellant interfered with Sweet's contract with the boy by hiring the latter away before the termination of the contract.

Affirmed.