## Park v. Depriest.

### Opinion delivered March 24, 1919.

1. LANDLORD AND TENANT—ENTICING RENTER.—Under Kirby's Dig., § 5030, amended by Acts 1905, p. 726, making one who interferes with, entices away, knowingly employs, or induces, a laborer or renter to leave the employer or the leased premises before expiration of his contract liable for damages or advances, defendant was not liable for hiring plaintiff's renter where the renter had breached his contract before he was employed by defendant.

2. SAME—ENTICING RENTER—INSTRUCTIONS.—In an action to recover for employment by defendant of plaintiff's renter, in violation of Kirby's Dig., § 5030, as amended by Acts 1905, p. 726, an instruction *held* not to mislead the jury as intimating that defendant was not liable if there had been a mere falling out between plaintiff and the renter, or unless defendant had in some way participated in bringing about the breach or induced the renter to leave plaintiff before expiration of his contract.

Appeal from Lonoke Circuit Court; *Thos. C. Trimble,* Judge; affirmed.

*W. P. Beard,* for appellant.

The court erred in its instructions to the jury and in its remarks in the course of the trial. The appellant on the law and the evidence was entitled to recover. Act 298, Acts 1905, p. 726. Hill admits the account was correct and appellee was liable under the act for the account. 84 Ark. 412. Judgment should be entered here for the amount sued for. Acts 1905, p. 726; 84 Ark. 412. Appellee knew of the contract and that it had not expired; also knew of Hill's debt to appellant and is clearly liable. *Supra.*

*Trimble & Williams,* for appellee.

Appellee was not liable under the act. 86 Ark. 436; 84 *Id.* 412. Under the law and the evidence the judgment should be affirmed, as the instructions properly declare the law, and the evidence sustains the judgment.

HUMPHREYS, J. Appellant instituted suit against appellee in the Lonoke Circuit Court to recover $339.38 for employing his renter, A. B. Hill, in violation of Act 298, Acts 1905, of the General Assembly, amending section 5030 of Kirby's Digest. It was alleged in the complaint that A. B. Hill contracted with appellant to cultivate 40 acres of land on shares, in the year 1918; that, in compliance with the contract, appellant advanced Hill said amount in money and supplies; that, before the expiration of the contract, appellee did knowingly interfere with, entice away, knowingly employ and induce Hill to leave appellant, with knowledge of the existing debt for advances.

Appellee filed answer denying all the material allegations in the complaint.

The cause was submitted to a jury upon the pleadings, evidence and instructions of the court, which resulted in a judgment dismissing appellant's complaint. Proper steps were taken and an appeal has been duly prosecuted to this court from the verdict and judgment.

Appellant established by his wife, Mrs. J. I. Park, who kept his books, the correctness of his account for

medicines, doctor bills, moneys and supplies furnished his tenant, A. B. Hill. She testified that, after allowing all credits to Hill for work, he owed her husband a balance of $349.63 for advances when he left. In support of his claim, appellant himself testified, in substance, as follows: That A. B. Hill entered into a contract with him to cultivate 40 acres of land on shares in 1918; that, when not working in the crop, Hill was to work for him at the rate of $2 per day and allow his girls to work for him at the rate of $1 per day, with the understanding that they might have the use of two cows; that the crop was planted and cultivated until June 13, at which time, they had a misunderstanding concerning the girls' work; that Hill became angry, cursed, threatened to whip him and to quit; that, when Hill left, he tried to call him back and talk to him, but Hill refused to come back or permit him to talk to him; that, a short time thereafter, appellee called him up over the phone and said, "Mr. Hill is up here wanting to hire to me and move on my place." I said, "Bob, he owes me between three and four hundred dollars that I furnished him to make his crop, and if I was you, I would let that alone;" that he also told him he wanted Hill to finish his crop; that Hill moved the next day; that he then had Hill arrested and fined for cursing him.

In defense, appellee offered the testimony of himself and others, which was, in substance, to the effect that appellant and his tenant, A. B. Hill, quarreled over the price to be paid the girls for work; that, during the quarrel, Hill cursed, abused and threatened to whip appellant; that appellant requested Hill to leave as soon as possible; that Hill left for the purpose of procuring another house and returned and moved away the next day; that appellee refused to furnish a team or in any wise assist Hill in moving, and refused at that time to employ him, but did permit him to move into a little house on his place for the reason that he had no other place to go; that, when Hill was arrested the next day, through the procurement of appellant, appellee went on his bond, and,

when fined for using abusive language, gave Hill work in order that he might earn the money with which to pay his fine; that, at the time appellee employed Hill, he knew he owed appellant for advances and that he had not completed the share crop contract.

The statute furnishing the basis of this suit is as follows: "If any person shall interfere with, entice away, knowingly employ, or induce a laborer or renter who has contracted with another person for a specified time to leave his employer or the leased premises, before the expiration of his contract without the consent of the employer or landlord, he shall, upon conviction before any justice of the peace or circuit court, be fined not less than twenty-five nor more than one hundred dollars, and in addition shall be liable to such employer or landlord for all advances made by him to said renter or laborer by virtue of his contract, whether verbal or written, with said renter or laborer, and for all damages which he may have sustained by reason thereof."

Instructions were requested by appellant, presenting the theory that appellee would be responsible under said act for advances made by appellant to his tenant, Hill, if appellee employed him knowing that the rental contract had not been completed. The instructions given by the court, over the objection of appellant, were based upon the theory that appellee would not be responsible under said statute for advances if either appellee or appellant, or both, breached the rental contract without interference by appellee, and if Hill had moved from the premises of appellant without enticement or inducement by appellee before he employed him. Appellant insists that the court sent the case to the jury on the wrong theory. The contention of appellant is inconsistent with the interpretation heretofore placed upon the statute by the court. It was said by this court in the case of *Tucker* v. *State*, 86 Ark. 436, that, "The words 'knowingly employ' are used in the statute in connection with other words which imply that the employment must be done as an interference with the laborer's performance of his

prior contract with another or as an enticement of the laborer away from his employer or an inducement of the laborer to leave the services of his employer." The correct interpretation of the statute was carried in the instructions given by the court and the instructions requested by appellant carrying a contrary interpretation were properly refused. It is said, however, that oral instruction No. 2, given by the court on his own motion, exempted appellee from liability if the jury found that there had been a mere falling out between appellant and his tenant, Hill, or unless appellee in some way participated in bringing about the breach or enticed or induced Hill to leave appellant before the expiration of the rental contract. The instruction is not accurately worded, but, when read as a whole, we do not think it conveys the meaning suggested by appellant. No specific objection was made to the instruction for the reasons now urged by appellant. No reversible error was committed by the court in giving oral instruction No. 2.*

Again, it is said by appellant that it was contrary to the statute for appellee to employ appellant's tenant, Hill, until the contract of rental was terminated by mutual consent. Appellant requested, and the court refused, an instruction to that effect. The instruction was as follows: "You are instructed that one party to a contract can not of his own accord terminate that contract without the consent of the other contracting party."

It is insisted that the court erred in refusing the instruction. We think there is nothing in the statute preventing a tenant from breaching a rental contract with his landlord, and *vice versa,* and then seeking employment elsewhere, provided, of course, the subsequent employer

---

*Following is instruction No. 2 referred to in the opinion:

"You are instructed that if the defendant knew at the time that the said Hill had a contract with said Park, and owed said Park for supplies and advances and knowingly employed said Hill, then your verdict will be for the plaintiff; provided at the time he was in the employ of the plaintiff and was carrying out his contract and was persuaded and induced to abandon it." (Rep.).

or landlord did not interfere with the original employ-ment or entice or induce the tenant to leave his first em-ployer or landlord before the expiration of the rental contract. Such right was recognized by this court in the case of *Tucker* v. *State, supra.* In the course of the opin-ion in that case, the court said: "It (referring to the statute) is not intended as a punishment for merely giv-ing employment to a laborer during the unexpired term of his *broken* contract with another person."

The court did not err in refusing the instruction.

No error appearing in the record, the judgment is affirmed.