COOLIDGE v. HOWE.

Opinion delivered January 27, 1930.

*W. G. Dinning,* for appellant.

*Brewer & Cracraft,* for appellees.

HUMPHREYS, J. This is an action for damages in the sum of $560, brought by appellant against appellees in

the circuit court of Phillips County, basing same upon § 6570 of Crawford & Moses' Digest, which is as follows:

"If any person shall interfere with, entice away, knowingly employ, or induce a laborer or renter, who has contracted with another person for a specified time, to leave his employer or the leased premises before the expiration of his contract, without the consent of the employer or landlord, he shall, upon conviction before any justice of the peace or circuit court, be fined not less than twenty-five nor more than one hundred dollars, and in addition shall be liable to such employer or landlord for all advances made by him to said renter or laborer by virtue of his contract, whether verbal or written, with said renter or laborer, and for all damages which he may have sustained by reason thereof."

Appellant alleged that appellees interfered with, enticed away, and knowingly employed, his tenant, Will Anderson, with whom he had a contract to occupy and cultivate his farm during the year 1928 for the rental of $800.

Appellees denied that they interfered with, enticed away, or knowingly employed, appellant's tenant.

The issue joined was submitted to a jury upon the testimony adduced by the parties, and the instructions of the court, which resulted in a verdict for appellees, and a consequent judgment dismissing appellant's complaint, from which is this appeal.

The record reflects that Will Anderson leased appellant's farm for the years 1926, 1927 and 1928 for an annual rental of $800, evidenced by three promissory notes; that he occupied the farm, and paid the rent, for the first two years; that in the fall of 1927 he owed the Straub Mercantile Company an account of $645, which they agreed to settle with him in full for $600; that he was unable to pay them that amount, so Straub Mercantile Company refused to advance him supplies for 1928, and that he was unable to get any one else to do so; that, in November, 1927, he notified appellant of his situation, and

asked him to advance him supplies for the year 1928, and, upon his refusal to do so, notified him that he was going to leave his place; that, after making up his mind to quit appellant, and after notifying him to that effect, he entered into a rental contract with appellees to cultivate land on their farm, on condition that they would pay the account he owed the Straub Mercantile Company, and, as security therefor, take an assignment of the chattel mortgage which he had given to the Straub Mercantile Company; that, while still residing upon appellant's farm, they sent their superintendent to inspect the property covered by the chattel mortgage, and, being satisfied with same, paid the account he owed the Straub Mercantile Company by check dated December 21, 1927, and took an assignment of the chattel mortgage; that the check was presented to the bank upon which it was drawn and paid, after appellant had notified appellees of the rental contract or lease he had with Will Anderson; that, at the time appellees rented the land to him, they knew nothing, made no inquiry, and he volunteered no information, relative to the rental contract or lease appellant had with him.

Appellant contends for a reversal of the judgment, because the court sent the cause to the jury upon the theory that, if Will Anderson, appellant's tenant, had resolved in his own mind to break his contract with appellant, appellees were at liberty to deal with him, although they had full knowledge that he was under contract to remain on the place where he was then located. It is argued that this was an incorrect interpretation of § 6570 of Crawford & Moses' Digest, upon which the suit is based. This interpretation was placed upon the statute in question in the case of *Park* v. *De Priest,* 138 Ark. 86, 210 S. W. 777. In that case the court said:

"We think there is nothing in the statute preventing a tenant from breaching his rental contract with his landlord, and *vice versa,* and then seeking employment elsewhere, provided, of course, the subsequent employer or

landlord did not interfere with the original employment, or entice or induce the tenant to leave his first employer or landlord before the expiration of the rental contract.''

Appellant argues, however, that, even though the cause was submitted under the proper interpretation of said statute, the instructions were abstract, because there is nothing in the evidence tending to show that Will Anderson had made up his mind to leave appellant before he entered into negotiations with appellees. We cannot agree with appellant in this contention, for Will Anderson testified that he had made up his mind to quit appellant, and that he so notified him before he went to see appellees about renting from them. It is true appellant testified that Will Anderson never told him he was going to leave, and that the first he heard of it was from Will Straub, who told him on January 3, 1928, that appellees had agreed to pay the account Will Anderson owed it. But this only presented an issue of fact for determination by the jury. In view of the testimony of Will Anderson in this particular, it cannot be said that the instructions complained of were abstract.

No error appearing, the judgment is affirmed.