## GOETLER v. STATE, USE, ETC.

1.   MUNICIPAL CORPORATIONS:   *Ultra vires:   Ten-pin alleys.*
   Municipal corporations have power, under the statute, to suppress gambling devices, but none to license them; and they cannot impose a license fee upon a ten-pin alley.

APPEAL from *Craighead* Circuit Court.
Hon. W. H. CATE, Circuit Judge.

*E. F. Brown* for Appellant.

(*a*)   It was error in the circuit court, sitting as a jury, to consider evidence of gaming upon the alley, that is, rolling for the treats at the bar of the saloon, to support his findings of facts, that the said alley was a gambling device, and as such required to take license and pay the fee demanded for the same.   Because if said alley was a gambling device, as the court held, the corporation could not have licensed it for that purpose, for the simple reason that no implied power to pass by-laws, and no express general grant of power, can authorize a by-law which conflicts with the statutes of the state or with the general principles of the common law adopted or enforced in this state.   We concede that there is some plausibility in the announcement of the fact by the court, that to permit gaming upon the alley, without license, would doubtless be detrimental to good morals.   Yet, when we examine the question with care, guided by the inflexible rules of law, under the light of reason, drawn from a construction of both statute and common law, the moral phase of the question disappears.   *Acts 1875, Sec. 12; 2 Dillon, 366.*

(*b*)   We concede the right of the corporation to tax and license, for the purpose of regulation, but insist that in such

cases the corporation should confer some benefit or protection special, in return therefor, upon the privilege licensed. Some assurance should be guaranteed at least, that its prosperity would be advanced by adopting the magnanimous and pacific policy of our very wise council, but the license fee should be reasonable, and if it appears to be excessive for the purpose intended, as shown in this case, that is sufficient proof of the fact that the sole object of the corporation was to raise revenue. *Fort Smith v. Ayers, 43 Ark., 89; 1 Dillon, 358.*

SMITH, J.   Upon a criminal prosecution begun before the corporation court of Jonesboro, and afterwards transferred by appeal to the circuit court, the defendant was convicted of a violation of the following ordinance of the town: <small>Municipal corporations can-not license gambling houses.</small>

"The sum of one hundred dollars is hereby levied on each and every ten-pin alley, that is kept and run for gain or profit, or otherwise, within the limits of the incorporated town of Jonesboro, for the period of twelve months or less.

"Be it enacted, that any person who shall exercise any of the privileges embraced in this ordinance, without having procured a license therefor, shall be deemed to have committed a misdemeanor, and shall be fined for each offense in the sum of twenty-five dollars, and each day shall be deemed a separate offense."

The general incorporation act, from which the town derives all of the powers that it possesses, contains no specific grant of authority to enact ordinances requiring keepers of ten-pin alleys to procure a license before engaging in such business.   The nearest approach to it is found in *Section 751 of Mansf. Dig.*, which confers authority upon the town council to license, regulate, tax or suppress billiard tables, or any other tables, or instruments used for gaming.   The evidence established the fact that this alley was used as an adjunct to a dramshop, and

that it was the invariable custom, understood by all persons rolling upon it, for the losing party to call out the treats, whisky or cigars, at the bar. The statute empowers the authorities of a town to suppress gambling devices, but it is beyond the power of the legislature to authorize the licensing of them. *State v. Lindsay, 34 Ark., 372.*

The legislature may, doubtless, authorize a municipal corporation to impose a license fee upon a ten-pin alley, kept as a place of amusement or recreation for gain and profit. But the authority to enact such an ordinance must plainly appear in the statute. It will not be inferred from terms of doubtful or uncertain import. *Dillon Mun. Corp., 3 ed., Secs. 89, 361; Martin, ex parte, 27 Ark., 467.*

Reversed for a new trial.