## KINKEAD v. THE STATE.

1. JURISDICTION:  *Change of venue from one justice to another.*
   Kinkead, charged with a misdemeanor before a justice of the peace of Hot Spring township, obtained a change of venue to Justice Allen, of Sulphur township, but was tried, without objection, before Justice Steigler, of that township, and was convicted, and appealed to the circuit court.  He there objected to Steigler's jurisdiction because he was not the justice to whom the case was sent.  HELD:  That Steigler had jurisdiction of the offense, and it was too late on appeal to object to the jurisdiction over the person.

2. CRIMINAL PROCEDURE:  *Defective warrant before J. P.*
   A defective statement in a warrant of arrest, of the crime for which a defendant is prosecuted before a justice of the peace, does not affect the subsequent proceedings.  It has already performed its office in bringing the accused before the justice for trial.

3. CARRYING WEAPONS:  *On one's own premises.*
   A mere contractor and supervisor of the erection of a building for another cannot carry weapons about the building as upon his own premises.  The exception in the statute protects only such as have an interest or estate in the real property which constitutes the premises.


APPEAL from *Garland* Circuit Court.

Hon. J. B. WOOD, Circuit Judge.

*John M. Harrell* for Appellant.

1. The justice, Steigler, had no authority or jurisdiction to try appellant. The change of venue was to ―― Allen, J. P., of Sulphur township. *Mansf. Dig., Sec. 2358, 2380; 38 Ark., 524; 36 Id., 268; 38 Id., 221; 35 Id., 329.*

2. The justice not having jurisdiction, the circuit court had none on appeal. *5 Ark., 27, 366; 6 Id., 375; 10 Id., 266; 32 Id., 117.*

3. The warrant did not state facts to constitute a public offense. *Const., Art. 2, Sec. 10; Mansf. Dig., Secs. 1966, 1910.* He must be tried in circuit court for same offense. *36 Ark., 222.*

4. Appellant was upon his own premises, and within the exceptions of the act. He was in charge of the building and contents. *34 Ark., 448.*

*Dan W. Jones*, Attorney General, for Appellee.

No affidavit was necessary. *Sec. 1964, Mansf. Dig.* The transcript, when made out by the first justice, was evidently intended for the one that tried the case, for he was the only officer holding the position in the township.

The amendment of the warrant in the circuit court did no harm to the appellant, for it had served its purpose in bringing him before the court, and was of no further effect. *Watson v. State, 29 Ark., 299.* The appellant should not have packed his pistol about with him.

SMITH, J. Kinkead was charged, before a justice of the peace of Hot Spring township, in Garland county, with carrying a pistol as a weapon. He obtained a change of venue,

1. JURISDIC-
TION: Change
of venue.

and the cause was directed to be sent to Justice Allen, in Sulphur township. The trial took place, without objection, so far as appears, before Justice Steigler, whose docket entry recites that he was the only justice of the peace in Sulphur township. The defendant having been convicted, and having appealed to the circuit court, sought there to question the authority of Steigler to hear and determine the case, he not being the justice to whom the case was transferred. But he had jurisdiction to try the offense with which the defendant was charged; and it is too late on appeal to object to the jurisdiction over the person. *Townsend v. Timmons, 44 Ark., 482; K. C., S & M. R. R. v. Summers, ante,* and cases cited.

*2. CRIMINAL PRACTICE: Defective warrant before J. P.*    Various attempts were also made to take advantage of the form of the original warrant upon which the defendant had been arrested. It was urged that it did not specify with sufficient particularity the offense intended to be charged. The circuit court finally quashed the warrant, but gave leave to the prosecuting attorney to amend the form of it. This was superfluous, and the circuit court might well have declined to listen to such objections. The warrant had already performed its office, viz.: to bring the defendant before the justice who issued it, to be dealt with according to law. A defective statement in it of the crime for which the defendant was prosecuted, would have no effect upon the subsequent proceedings. *Watson v. State, 29 Ark., 299.*

*3. CARRYING WEAPONS: On one's own premises.*    Upon trial the defendant was convicted, and he now claims that he was within the exception to *Section 1907 of Mansfield's Digest,* which provides that the statute is not to be so construed as to prohibit any person from carrying a weapon upon his own premises. The evidence showed that he was a contractor engaged in the erection of a certain building for other parties; and he was arrested in the building while in the supervision of the work, and the pistol was found upon his person. The exception only protects such as have an estate or interest in the

real property which constitutes the premises.    Obviously a builder, having merely a lien for his work and materials, has no such interest.

Judgment affirmed.