LISMORE v. STATE.

Opinion delivered March 14, 1910.

1. CRIMINAL PROCEDURE—DEFECTIVE INFORMATION AND WARRANT.—It is immaterial that an information and warrant of arrest in a justice's court charging appellant with keeping a bawdy house were defective in alleging that the offense was committed on a certain day, instead of between certain days, as they accomplished their purpose when they brought appellant before the justice of the peace. (Page 209.)

2. MUNICIPAL CORPORATIONS—ORDINANCE LICENSING BAWDY HOUSES.—A city ordinance licensing the keeping of bawdy houses is contrary to the general laws of the State and void. (Page 210.)

3. BAWDY HOUSES—EVIDENCE OF REPUTATION.—Evidence that a house occupied by appellant has the reputation of being a bawdy house is of no force unless coupled with other evidence, such as that it was a resort of men and women reputed to be of lewd and lascivious character. (Page 210.)                                                      ffl.

4. EVIDENCE—PROOF OF ANOTHER OFFENSE.—Evidence of one offense is not admissible to prove another except to show that the latter was not committed by accident or mistake. (Page 210.)

Appeal from Ouachita Circuit Court; *George W. Hays,* Judge; affirmed.

*Powell & Taylor* and *T. W. Hodge,* for appellant.

1. Keeping a bawdy house is a common-law offense, and our statute has adopted the common law. Kirby's Dig., § § 623-4. The Legislature delegated to cities and towns authority to suppress and restrain bawdy houses. Kirby's Dig., § 5438. The general State law is repealed. 14 Cyc. 492; 2 Tex. App. 425; 38 Mo. 451; 9 Col. 450; McQuillin on Mun. Corp., p. 343; 59 Am. Rep. 731; Sedgwick on Statutory & Const. Law, p. 100; Dillon, Mun. Corp. (3 ed.), par. 88.

2. Evidence of one crime is not admissible to prove another, except to show guilty knowledge or intent. 72 Ark. 598; τ Bish. Cr. Pro. & Prac. 1226; Wharton, Cr. Ev. 31-46; Clark,

Cr. Law 518; 36 Am. Rep. 887; 2 Arch. Cr. Pr. & Pl. (8 ed.) 335.

3. Evidence of the reputation of the house is not admissible. 60 Ala. 97; 59 Ala. 82; 94 Ill. 648; 63 Miss. 207; 27 Fed. Cas. 16, 191; 2 Cranch, C. C. 13; 15 Mont. 194; 29 Wis. 435.

4. A conviction bars all prosecutions covering the period up to the time of conviction. 12 Cyc. § 281, note 66; 119 Ind. 501; 7 Fed. Cas. 3935; 4 Cr. C. C. 114; Wharton, Cr. Ev. 579; Russell on Crimes (8 Am. ed.) 832; 105 Mass. 53; 126 Mass. 259; 80 Ark. 96.

*Hal L. Norwood,* Attorney General, *Wm. H. Rector,* Assistant, for appellee.

1. A municipality has no power to license bawdy houses. 2 Abbott, Mun. Corp. 982; 1 Dillon, Mun. Corp. (4 ed.), § 361; 26 N. E. 697; 137 Cal. 583.

2. Keeping a bawdy house is an offense against the common law. Kirby's Digest, § 623-4; 38 Ark. 637. The ordinance is void. 45 S. W. 779; 34 Ark. 372; 23 Ark. 304; 13 S. W. 779.

3. The plea of former conviction is not sustained. 72 Ark. 419; 48 Ark. 34; 42 Ark. 35; Wharton, Cr. Ev. 579; 105 Mass. 53.

4. The general reputation of the house may be proved, that is, its character. 24 Tex. App. 491; 22 *Id.* 639; 41 La. Ann. 1079.

BATTLE, J. On the 6th day of July, 1909, before a justice of the peace of Ouachita County, an information was filed against Roy Lismore, in which Roy Lismore was accused of keeping a bawdy house on the 3d day of July, 1909, in the county of Ouachita, in this State. Upon a trial for that offense she was convicted, and appealed to the Ouachita Circuit Court. She was tried in that court before a jury. In the trial evidence was adduced tending to prove that she occupied a house in the city of Camden, in Ouachita County, which had the reputation of being a bawdy house, and where men and women congregated and indulged in drinking spirituous and intoxicating liquors, unlawful sexual intercourse, and lascivious and disorderly conduct. A resolution of the city council of Camden, which regulated bawdy houses, and permitted and licensed them

in that city upon payment to the city marshal of $25 monthly, was introduced and read as evidence in the trial by the plaintiff over the objection of the defendant. Plaintiff was also allowed to read as evidence, over the objection of the defendant, the recorder's ledger of the city of Camden, in which is kept a record of the fines paid by the defendant; also copies of two judgments on the docket of the mayor of Camden, rendered, respectively, upon the 17th day of May, 1909, and the 8th day of June, 1909, by such mayor, upon pleas of the defendant.

The defendant objected to the admission of the evidence as to the reputation of her house, and excepted to the decision of the court admitting it.

The court instructed the jury over the objection of the defendant, in part, as follows:

"The court instructs the jury that if they find from the evidence in this case, beyond a reasonable doubt, that the defendant, Roy Lismore, did in Ouachita County, Arkansas, and within one year before the filing of the information herein, enter a plea of guilty in the mayor's court in the city of Camden, Arkansas, to the running of a bawdy house in the said city of Camden, Arkansas, in Ouachita County, or confessed to the running of a bawdy house in said mayor's court, as aforesaid, this will justify you in finding the defendant guilty."

And the court refused to instruct the jury, at the request of the defendant, as follows:

"No. 4. The jury are instructed under the law of this State the city of Camden had the right and power to regulate bawdy houses within the corporate limits of said city; and if you find from the evidence that the city of Camden, at the time of the alleged commission of the offense charged in the information, had in force an ordinance and resolution regulating bawdy houses within its limits, and you find that said resolutions were reasonable, then you will find the defendant not guilty."

The jury found the defendant guilty, and assessed her punishment at a fine of $100 and imprisonment for three months in the county jail. From this conviction the defendant appeals.

It is first urged that the information filed against the defendant is defective because it alleges that the offense was committed on one day, whereas the keeping a bawdy house is a

continuing offense, and should have been alleged as committed on divers days between two days certain. This is true, as a general rule. But this was before a justice of the peace. In that court no written pleadings are necessary. The warrant or summons in criminal cases may be issued by the justice of the peace upon facts within his own knowledge. Kirby's Digest, § § 2495, 2506. It need only describe in general terms the offense charged, and is sufficient if it brings the accused before the justice of the peace. *Kinkead* v. *State,* 45 Ark. 536; *Tucker* v. *State,* 86 Ark. 436.

The resolution of the city council of Camden authorizing the keeping of bawdy houses upon the monthly payment of $25 was inadmissible as evidence. The city council had no power to pass a resolution or ordinance to that effect. By section 4 of article 12 of the Constitution of this State it is provided that "no municipal corporation shall be authorized to pass any laws contrary to the general laws of the State." The common law making the keeping of bawdy houses a misdemeanor is a general law of this State, adopted and made so by statute, and made punishable by fine not exceeding one hundred dollars, and imprisonment not exceeding three months. Kirby's Digest, § § 623, 624; *State* v. *Lindsay,* 34 Ark. 372; *Goetler* v *State,* 45 Ark. 454.

For the reason that the city council cannot license the keeping of bawdy houses, the request of appellant for instruction numbered 4 and copied in this opinion was properly refused.

The evidence that the house occupied by appellant had the reputation of being a bawdy house was not sufficient to convict. It is a circumstance which may be shown in connection with evidence that it was a resort of men and women who are reputed to be of lewd and lascivious character. Independently, it is of no force or effect. *State* v. *Brunell,* 29 Wis. 435; 14 Cyc. 510, and cases cited.

The instruction given over the objection of the defendant, and copied in this opinion, should not have been given. It did not confine the jury to the consideration of confessions made as to the crime charged. Evidence of one offense is not admissible to prove another, except it may be shown to prove that the offense charged was not committed by accident or mistake. *Howard* v. *State,* 72 Ark. 586, 598.

Reversed and remanded for a new trial.