## Cox v. City of Jonesboro.

### Opinion delivered March 9, 1914.

1. CRIMINAL LAW—DEFECTIVE AFFIDAVIT OR WARRANT.—A prosecution will not be quashed on the ground that the affidavit or warrant is defective, their purpose having been served when the accused was brought before the justice of the peace. (Page 98.)

2. CRIMINAL LAW—WITNESSES FOR STATE—RIGHT TO KNOW.—Where defendant was tried and convicted in police court, and appealed to the circuit court, where the prosecution used the same witnesses against him, defendant can not complain that he did not know on the second trial what witnesses would be used against him. (Page 98.)

3. APPEAL AND ERROR—ABSENCE OF ATTORNEY.—Where defendant was represented by competent counsel, and did not make the absence of one of his attorneys a ground for a continuance, he can not raise that point on appeal. (Page 98.)

4. MISDEMEANOR—ABSENCE OF DEFENDANT.—The trial of a misdemeanor may be had in the absence of the defendant, but the State can not demand a trial in his absence. (Page 99.)

5. CRIMINAL LAW—ABSENCE OF DEFENDANT.—Under Kirby's Digest, § 2339, in a trial under an indictment for a felony, if the defendant is on bail and absents himself during the trial, the trial may be stopped or progress to a verdict at the option of the prosecuting attorney. (Page 100.)

6. CONTINUANCE—DISCRETION OF TRIAL JUDGE.—The trial judge must exercise a sound discretion in passing upon motions for continuance, and a reversal will be ordered only where that discretion appears to have been abused, to the defendant's prejudice. (Page 101.)

Appeal from Craighead Circuit Court; *J. F. Gautney,* Judge; affirmed.

*T. A. Turner,* for appellant.

1. Under the circumstances, appellant's counsel had the right to infer that the trial would be deferred a day or two until he could return, and when appellant relied upon the information thus conveyed to him, and the court was informed of the circumstances, appellant should at least have been given an opportunity to procure other counsel and to participate in his own trial. 34 Ark. 727.

Under the most favorable circumstances to the State appellant was absent without the consent of the court and the proper procedure was either to have a bench warrant issued, or to dismiss the appeal. 38 Ark. 513. Where a verdict and judgment might result in imprisonment, as in this case, the court, in its discretion, ought not to permit a trial in the absence of the defendant. Kirby's Dig., § 234; 38 Ark. 513. See, also, 43 Ark. 154; 37 Ark. 54; 39 Ark. 180; 34 Ark. 275.

2. The verdict was contrary to law for the reason that appellant was tried upon a charge of illegal sale of liquor, pursuant to an affidavit made by W. S. Montague, who, so far as the record discloses, was without information or knowledge of the sale and was not called to testify. A defendant is entitled to be informed of the cause and nature of the accusation, to have a copy thereof, and to be confronted with the witnesses against him. Art. 2, § 10, Constitution; 7 Pac. 595.

*Baker & Sloan,* for appellee.

1. The matter of the postponement or continuance of the trial was within the discretion of the court, and no abuse of discretion is shown.

2. It is not essential that the party verifying a complaint or information of this nature shall have personal knowledge of the commission of the offense. Information and belief is sufficient. 61 Pac. 228, 27 Col. 302.

As to the information not stating the name of the party to whom the whiskey was sold, see 1 Crawford's Dig., § 590.

The sole function of an information and warrant of arrest in a justice of the peace court or police court is to bring the accused before that court, and the offense need only be described in general terms. 45 Ark. 536; 86 Ark. 436; 94 Ark. 207.

SMITH, J. These cases were begun by informations filed in the police court of the city of Jonesboro, and appellant was convicted in each case and appealed to the circuit court where, upon a trial before a jury, he was

again convicted. The same questions are involved in all the cases.

The affidavit for each warrant of arrest was made by one W. S. Montague, who did not testify in any of the trials, and it is said that the warrants should be quashed because the record does not show that affiant had any information upon which to base his affidavit. But we do not know what information affiant had, and the affidavit to procure the warrant of arrest need not state the name of the person to whom the sale was made; that allegation is not required even in an indictment. However, it has been held that it is no ground to quash a prosecution because the affidavit or the warrant is defective, "their purpose has been served when the accused is brought before the justice of the peace." *Lismore* v. *State,* 92 Ark. 204; *Kinkead* v. *State,* 45 Ark. 536; *Tucker* v. *State,* 85 Ark. 436. There appeared to be no merit in the contention that appellant could not prepare his defense because he did not know the names of the witnesses who would appear against him, as the cases were all tried in the police court and the same witnesses were used in both courts.

A motion for a continuance was filed in three of the cases and it is insisted in each of these cases, and in the fourth one also in which no motion for continuance was filed, that the court erred in putting defendant to trial, under the circumstances under which that was done. It is insisted in each of the cases that appellant was required to go to trial in the absence of Mr. Turner, his attorney. But this fact was not set up in the motion as a ground for a continuance by the attorney who filed that motion, and appellant was represented by competent counsel in each of the three cases in which the motion for continuance had been filed. It is argued that in the fourth case there was no attorney present representing appellant who could file a motion for continuance, or represent him at the trial. But when the fourth case was called appellant was not present and a forfeiture on the bond was asked, whereupon the attorney who did represent appellant in the cases where the motion for a con-

tinuance was filed asked that he be given an opportunity
to have appellant sent for and brought into court. Time
for this purpose was given and when appellant appeared,
he advised the court that his presence was required in
the drug store where he was employed, as there was no
one there to take his place. The trial judge attached a
statement to the bill of exceptions in which he says that
when appellant came into court, Mr. Hawthorne an-
swered for him by stating that Mr. Turner was appel-
lant's attorney and was absent. Thereupon special coun-
sel appearing for the city stated that he had notified Mr.
Turner that a trial would be insisted upon when the case
was reached, and the court ordered a jury to be made,
whereupon defendant stated that he had left no one in
charge of the drug store, and that he would have to return
there for the purpose of caring for the same, and the
judge adds to his certificate that this was all done for the
purpose of avoiding a trial, and added further: ''The
court thereupon stated to him that he could go where he
desired but that the trial would proceed, whether he was
there or not. The defendant was in and out of the court
so often during the trial that I would not state positively
at what stage of the proceeding he was present. When
the jury was made the court asked the defendant if he
desired to challenge any of the jurors and no right of
challenge was exercised, thereupon a plea of not guilty
was entered for him and the trial proceeded. His ab-
sence from court was purely voluntary, and after warn-
ing that if he did absent himself from court, the trial
would proceed.'' A forfeiture upon appellant's bond
might have been taken, and this was about to be done,
when an attorney appeared for the purpose of asking
that this be not done, and that he be allowed to bring ap-
pellant into court. This privilege was granted, and the
court had the right to proceed with the trial if no forfeit-
ure was taken, unless legal excuse for a continuance was
shown. The trial of a misdemeanor may be had in the
absence of the defendant. Kirby's Digest, § 2340. But
the State can not demand a trial in the absence of the de-

fendant. *Owen* v. *State,* 38 Ark. 512. Here the defendant was present when the trial commenced, and he gave a frivolous reason for its not proceeding, and he was thereafter present at such portions of it as he chose to attend. Section 2339 of Kirby's Digest applies to the facts here stated. It reads as follows: "If the indictment be for a felony, the defendant must be present during the trial. If he escapes from custody after the trial has commenced, or, if on bail, shall absent himself during the trial, the trial may either be stopped or progress to a verdict, at the discretion of the prosecuting attorney, but judgment shall not be rendered until the presence of the defendant is obtained."

Upon the return of Mr. Turner, the court heard the evidence in regard to the agreement between counsel which Mr. Turner construed as excusing him from attendance upon the court. It is made plain that Mr. Turner thought that he had this understanding, but we can not say the court was in error in finding that the attorney for the prosecution was not responsible for this misapprehension.

It is strongly insisted that the court erred in overruling the motions for continuance in the cases in which they were filed. It was recited in these motions that appellant was employed as a clerk in the drug store of one W. P. Klapp, and that one Will Sturgeon was also employed in said drug store, and that proof could be made by said Klapp and Sturgeon that no whiskey was kept in the drug store where the witnesses for the prosecution testified the sale was made. These cases were tried on Thursday of the second week of the term, and the court heard testimony upon the motion for continuance. From this evidence the court might have found that no subpoena had been issued for, or served upon, the witness Sturgeon. It does appear that subpoena was issued for the witness Klapp, but the officer was not allowed to serve it because Klapp was said to be suffering with diphtheria. The proof as to why the subpoena was not served on Klapp might ordinarily warrant the inference that Klapp

was in fact sick, but we can not say that inference should necessarily be drawn in this case. It is manifest from a study of the evidence that appellant was not attempting to avail himself of his constitutional right to a speedy trial, and, if he was in fact guilty, his offense was committed in the course of his employment by the absent witness, who was guilty if appellant was. No proof was offered that Klapp was in fact sick. Some one at his rooms made that statement to the officer, and thereby prevented the service of the subpoena, and the subpoena was never served. An attempt was also made to take the deposition of witnesses upon interrogatories in Oklahoma to prove that certain of the witnesses for the prosecution were unworthy of belief, and a continuance was asked until that proof could be secured.

But it does not appear that any responsibility rested upon the prosecution for the failure to have this proof at the trial.

It has been many times said that the trial judge must exercise a sound discretion in passing upon motions for continuance, and that a reversal will be ordered only where that discretion appears to have been abused, to the defendant's prejudice.

The present cases present a close question, but the trial judge heard the witnesses testify, and based his action upon the evidence there heard, and we can not say that he abused his discretion in overruling these motions. The proof abundantly supports the verdict, if the witnesses are to be believed, but the jury has passed upon that, question, and the judgments in each of the cases will be affirmed.