DUDNEY *v.* STATE.

Opinion delivered December 2, 1918.

1. CRIMINAL LAW—JUDGMENT ON PLEA OF GUILTY—APPEAL.—One who pleaded guilty to a charge in an information filed in the court of a justice of the peace can not appeal to the circuit court and change his plea to not guilty and seek a jury trial there.

2. SAME—DEFECTIVE WARRANT—EFFECT.—Where an information filed before a justice of the peace charged the defendant with having feloniously and wilfully committed the offense of transporting liquor into the State of Arkansas, the fact that the warrant merely charges him with "the offense of transporting whiskey into the State," without alleging that it was done "feloniously," is immaterial where the warrant performed its purpose by bringing defendant before the justice of the peace for trial.

Appeal from Columbia Circuit Court; *C. W. Smith,* Judge; reversed.

*McKay & Smith,* for appellant.

1. The demurrer should have been sustained. The affidavit stated no violation of law. 202 S. W. 39. It did not charge that defendant transported whiskey "for another or unlawfully."

2. The motion in arrest of judgment should have been sustained. There was nothing in the information or affidavit upon which the court could render judgment. It charged no violation of law. 85 Ark. 404; 100 *Id.* 195; Kirby's Digest, § 2427.

3. The evidence was not sufficient. 202 S. W. 39.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The demurrer was properly overruled. The affidavit advised defendant of the crime. Kirby's Digest, § 2495; 112 Ark. 96; 94 *Id.* 207; 86 *Id.* 436; 45 *Id.* 536.

2. The motion in arrest was properly overruled. Kirby's Digest, § 2427; cases *supra.*

3. The evidence is sufficient under 202 S. W. 39 and *Winfrey* v. *State,* 133 Ark. 357, and *Burton* v. *State,* 135 Ark. 164.

WOOD, J. The following affidavit was made before a justice of the peace, towit: "I, B. E. Greer, do solemnly swear that on the 7th day of January, 1918, at the county aforesaid, one M. L. Dudney feloniously and wilfully committed the offense of transporting whiskey in the State of Arkansas, and pray a warrant for the arrest of the said M. L. Dudney." A warrant of arrest was issued which, omitting formal parts, is as follows: "It appearing that M. L. Dudney has committed the offense of transporting whiskey into the State of Arkansas, in the county of Columbia, you are, therefore, commanded forthwith to arrest him and bring him to me to be dealt with accordingly." The appellant was arrested under the above warrant and carried before the justice and entered a plea of guilty.

On the 10th of January, 1918, judgment was entered against the appellant in the sum of $100. Appellant attempted to appeal from this judgment to the circuit court, and in that court he demurred to the affidavit, which demurrer was overruled. The cause was sent to the jury upon appellant's plea of not guilty. The jury returned a verdict finding the defendant guilty, assessing his punishment at a fine of $100. Appellant moved for a new trial, which was overruled, and also moved to arrest the judgment, which motion was overruled. Judgment was entered against the appellant assessing his fine at $100, from which is this appeal.

In *Stokes* v. *State,* 122 Ark. 56, we held: "Where a defendant pleaded guilty to the charge in an information

filed in a justice court, he can not appeal to the circuit court, and, in the latter court, change his plea to that of not guilty, and seek a jury trial there." That case rules this.

In *Fletcher* v. *State,* 12 Ark. 169, on an indictment which failed to charge a public offense, the defendant entered a plea of guilty in the trial court and afterward brought error to this court. It was contended by the Attorney General in that case that the defendants below by their plea of guilty waived all objections to the indictment, and we held otherwise, saying: "The defendants here but confess themselves guilty in manner and form as charged against them in the indictment, and, if no offense against the law is charged, they have not confessed themselves guilty of any." But, in the instant case it was charged in the affidavit before the justice that the appellant "feloniously and wilfully committed the offense of transporting whiskey into the State of Arkansas." The warrant recited "that M. L. Dudney has committed the offense of transporting whiskey into the State of Arkansas, in the county of Columbia." This court has held that a defective statement in a warrant of arrest of the crime for which a defendant is prosecuted before a justice of the peace, does not affect the subsequent proceeding. It has already performed its office in bringing the accused before the justice for trial. *Watson* v. *State,* 29 Ark. 299; *Kinkead* v. *State,* 45 Ark. 536; *Cox* v. *Jonesboro,* 112 Ark. 96.

The warrant need only describe in general terms the offense charged, and is sufficient if it brings the accused before the justice of the peace. *Lismore* v. *State,* 94 Ark. 207, 210; *Tucker* v. *State,* 86 Ark. 436. The warrant was sufficient to bring the appellant before the justice for trial for violating the law prohibiting the transporting of liquor into this State for another. He must have known, when he entered his plea of guilty, that the warrant was sufficient to put him upon trial for that offense, and, under the doctrine of *Stokes* v. *State, supra,* his appeal should have been dismissed.

The judgment is, therefore, reversed and the cause is remanded with directions to the circuit court to dismiss appellant's appeal to that court.