TEAGUE *v.* STATE.

Opinion delivered December 15, 1919.

1. ANIMALS—TICK ERADICATION LAW.—Under the tick eradication law, and the rules prescribed by the Board of Control of the Agricultural Experiment Station, it is the duty of owners of cattle to provide the means for dipping them, and it is no defense that the proper facilities have not been furnished.

2. ANIMALS—TICK ERADICATION LAW.—It is no excuse for failure to dip cattle that it is dangerous to do so and that injuries frequently result.

Appeal from Clark Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*W. H. Mizell* and *D. D. Glover,* for appellant.

1. Defendant's refusal to dip his cattle was not wilful; the county agent, though requested, failed to visit the vats nearest his home or give instructions as to preparing the dipping mixture; the vats in the neighborhood had been blown up and in some instances the mixture was poisonous and cattle injured and he was afraid to dip without some protection of the county agent, who refused to visit the vats and furnish protection; the court also refused the instructions asked by defendant. Our Constitution does not permit the Legislature to pass a void law, giving the Board of Control power to make rules requiring private property under a criminal penalty, to be dipped in poisonous vats and die without any recourse for damages. Const. 1874, art. 2, § 13 and art. 21, § 22; 130 Ark. 453.

2. The demurrer to the indictment should have been sustained for indirectness and uncertainty. Kirby's Digest, § § 2227-8. All the acts except No. 200, Acts 1915, p. 804, have been held void, and there is now no law as to dipping in Clark County. 208 S. W. 437; 126 Ark. 260, dissenting opinion. Act 59, Acts of 1909, does not apply. There was also error in the court's instructions. 126 Ark. 501, 260.

*John D. Arbuckle,* Attorney General, and *Robert D. Knox,* Assistant, for appellee.

1. Clark County has been placed above the quarantine line by proclamation of the Governor and the dip-

ping laws and rules of the board apply to it. 208 S. W. 437.

2. There was no error in the instructions and the verdict is sustained by the evidence as no valid excuse or defense was shown for failure to dip.

McCULLOCH, C. J. The charge against appellant is the failure to dip his cattle in accordance with the rules and regulations prescribed by the Board of Control of the Agricultural Experiment Station for the eradication of ticks. It was proved at the trial below that appellant failed to dip his cattle, and he admitted it, but contended that his refusal to do so was not wilful and that he was justified in failing to dip on the ground that the agent of tick eradication inspector of the county failed on request to come to the dipping vat nearest appellant's home for the purpose of giving instructions about preparing the dipping mixture. Another excuse given by appellant was that the vats in that locality had been blown up, and in some instances the mixture had been poisoned so that cattle were injured from contact with it, and that he was afraid to dip his cattle without some protection from the county agent, who declined to furnish him protection from that danger.

According to the undisputed testimony a dipping vat had been built in the immediate neighborhood of appellant's home, but that it had not been used on account of it not being supplied with the dipping liquid. Appellant was a member of the partnership or association which constructed this vat. It is also shown that there are two other vats in that locality, but several miles distant from appellant's home.

It is not incumbent on the county inspector or other public authorities to furnish facilities for dipping cattle. The law requires it to be done and the Board of Control has prescribed rules and a formula for the dipping mixture, and it is the duty of persons owning cattle to provide the means for dipping their cattle. It is, therefore, no excuse to say that the proper facilities had not been

furnished, as it is the duty of the cattle owners themselves to furnish those facilities and use them. *Ashcraft* v. *State,* 140 Ark. 505.

.Appellant offered to show that it was dangerous to dip cattle and that injuries frequently resulted, but the court excluded the testimony. This was correct, as it is not a question for the jury to determine whether or not it was proper to dip cattle, for the language of the law compels obedience to the requirements of the Board of Control. *Boyer* v. *State, ante* p. 84.

Appellant also asked the court to give instructions telling the jury in effect that the owner was not required to dip his cattle if damage to them would result from such dipping, but the court's ruling in refusing to give the instructions was correct.

Judgment affirmed.