Carlos GOMEZ *v.* STATE of Arkansas

CR 91-30                                    809 S.W.2d 809

Supreme Court of Arkansas
Opinion delivered May 20, 1991

*La Jeana Jones*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Pamela Rumpz*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant was convicted on August 6, 1990, of delivery of a controlled substance in violation of Ark. Code Ann. § 5-64-401 (1987). He was sentenced as an habitual offender under Ark. Code Ann. § 5-4-501 (1987) to serve a term of life in the Arkansas Department of Correction. He makes four assignments of error, among which we find no merit.

On August 20, 1989, appellant, Carlos Gomez, sold thirty-five capsules of cocaine to undercover agent W. L. Holbrook of the Ninth West Drug Task Force. On August 21, 1989, appellant was charged by felony information with two counts of delivery of a controlled substance and one count of possession of a firearm. A warrant for his arrest was issued the same day. On August 25, 1989, a first amended information was filed charging appellant with only the count of possession of a controlled substance giving rise to the conviction from which this appeal is taken. In February 1990, appellant was tried on the remaining counts of delivery of a controlled substance and possession of a firearm.

As required by *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), when there is a challenge to the sufficiency of the evidence, the appellate court must review that point prior to considering any alleged trial error. Therefore, although appellant's challenge to the sufficiency of the evidence is made in his last point, we will address it first.

## I.

## IT WAS ERROR TO DENY APPELLANT'S MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE AND AT THE CLOSE OF THE DEFENDANT'S CASE.

Appellant contends that because Officer Holbrook's testimony was the only eyewitness account of the drug sale, and because he, appellant, offered the testimony of a witness corroborating his own testimony denying the transaction took place,

there was not sufficient evidence to convict him. We disagree.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Dunlap* v. *State*, 303 Ark. 222, 795 S.W.2d 920 (1990). In reviewing the sufficiency of the evidence, this court views the evidence in the light most favorable to the appellee, and affirms if there is any substantial evidence in support of the verdict. *Salley* v. *State*, 303 Ark. 278, 796 S.W.2d 335 (1990). Evidence is substantial to support a conviction if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Williams* v. *State*, 298 Ark. 484, 768 S.W.2d 539 (1989). In reviewing the sufficiency of the evidence, this court need only consider evidence in support of the conviction. *Id.* Furthermore, the credibility of the witnesses and the weight to be given their testimony are for the jury. *Brown* v. *State*, 278 Ark. 604, 648 S.W.2d 67 (1983). Where the testimony is conflicting this court does not pass upon the credibility of the witnesses and has no right to disregard the testimony of any witness after the jury has given it full credence. *Id.*

At trial, Officer Holbrook testified that he bought thirty-five gelcaps of cocaine from appellant. He said he gave appellant $150.00 for the cocaine. Officer Holbrook also described particulars of the transaction.

Considering the evidence in the light most favorable to the state, we cannot say there was not substantial evidence to support the conviction.

## II.

### THE DENIAL OF APPELLANT'S MOTION FOR CONTINUANCE WAS ERROR.

Appellant claims there was no opportunity for him to talk with his court-appointed public defender prior to the commencement of the trial, and therefore the trial court erred in denying his motion for continuance. Appellant is Cuban and claims that he does not understand English well enough to communicate with his attorney without an interpreter. He says that his attorney contacted the Sevier County jail on August 2, but no interpreter was available at that time. He says his attorney had another trial

on August 3, 1990, and due to her schedule, August 2 was the only possible opportunity for the two of them to discuss the case. The motion for continuance was made the day of trial.

The trial court has discretion to determine whether a continuance is appropriate; the denial of a continuance will not be reversed unless there was a clear abuse of discretion which constitutes a denial of justice. *Cessor* v. *State*, 282 Ark. 330, 668 S.W.2d 525 (1984). The burden is on the appellant to establish prejudice and an abuse of discretion in denying the continuance. *Butler* v. *State*, 303 Ark. 380, 797 S.W.2d 435 (1990). Additionally, in reviewing the denial of motions for continuance based upon alleged inadequacy of time for preparation for trial by a defendant's attorney, we have been hesitant about finding an abuse of discretion because of the superiority of the trial judge's perspective, his grasp of the particular situation, and his knowledge of developments which are not matters of record. *Swaim* v. *State*, 257 Ark. 166, 514 S.W.2d 706 (1974). However, we did find an abuse of discretion and reversed the conviction in *Gonzales* v. *State*, 303 Ark. 537, 798 S.W.2d 101 (1990), a case similar to the case at bar in that the appellant did not speak English well enough to be able to communicate with his attorney without an interpreter. In *Gonzales* this court held that the appellant's motion for continuance, which was based on the lack of time for trial preparation, should have been granted because the public defender, through no fault of his own or that of the appellant, did not know that he was to defend the appellant until the day before the case was to be tried. The court noted that "[t]his lack of preparation time was further compounded by the language barrier existing between the appellant and his appointed counsel and the difficulty in obtaining a competent interpreter in a timely manner." *Id.* at 540, 798 S.W.2d at 102. The circumstances in the case at bar are clearly distinguishable.

Although appellant's trial counsel in this case did not represent him in the February trial, she handled the appeals from those convictions. On August 6, 1990, she told the court at an in chambers hearing immediately preceding trial that she had been corresponding with appellant for some time concerning those appeals. The prosecutor confirmed for the court that the circumstances giving rise to this charge were similar to those giving rise to the charges tried in February. Appellant's trial counsel

acknowledged being familiar with those circumstances from her work with his appeal from the February convictions. Also, according to the prosecutor, discovery was completed some time before trial. We note that appellant's attorney did not assert any other need for the continuance except to converse with appellant.

The record is devoid of any documents directly concerning the appointment of appellant's trial counsel. However, it does include two letters from the trial judge from which we can conclude she has been involved in this case since February 1990.

This court in *Pruett v. State*, 282 Ark. 304, 669 S.W.2d 186 (1984), another case where the appellant's trial counsel was a public defender "swamped with work," stated that "we cannot appreciably slow the flow of the criminal justice system to accommodate overworked attorneys or judges." *Id.* at 309, 669 S.W.2d at 189. As appellant's trial counsel had been involved in this case since at least February 1990, she had ample time within which to communicate with appellant prior to trial.

■ Appellant has failed to show how he was prejudiced. Therefore, we cannot say the trial court abused its discretion in denying appellant's motion for continuance.

## III.

### THE DENIAL OF APPELLANT'S MOTION TO QUASH THE INFORMATION BECAUSE OF A DEFECT IN THE AFFIDAVIT WAS ERROR.

Appellant contends that, because the affidavit for warrant of arrest states no date as to when the alleged offense occurred, the affidavit is defective, and therefore the information should be quashed.

Concerning the issuance of a warrant of arrest, Ark. Code Ann. § 16-81-104 (1987) provides the following:

> (a)(2) It shall be the duty of a magistrate to issue a warrant for the arrest of a person charged with the commission of a public offense when, from his personal knowledge or from information given him on oath, he shall be satisfied that there are reasonable grounds for believing the charge.

■ On August 21, 1989, an information was filed charging appellant with delivery of a controlled substance; an affidavit was sworn by Officer Holbrook stating "facts constituting reasonable cause;" and a warrant for arrest was issued by the municipal judge on a finding that "this sworn affidavit and testimony of affiant demonstrate reasonable and probable cause for the issuance of an arrest warrant for the above named individual." The record reflects compliance with the statutory requirements for issuing a warrant of arrest. Furthermore, the only purpose of an affidavit and arrest warrant is to have an accused arrested and brought before the justice or other officer issuing the warrant so that the accused may be dealt with according to law. *Dudney* v. *State*, 136 Ark. 453, 206 S.W. 898 (1918); *Cox* v. *City of Joneboro*, 112 Ark. 96, 164 S.W. 767 (1914); *Daley* v. *State*, 20 Ark. App. 127, 725 S.W.2d 574 (1987). As the affidavit served its purpose, it is not necessary to our decision to consider whether the affidavit was defective.

IV.

APPELLANT'S OBJECTION TO THE INTRO-DUCTION OF THE CONTROLLED SUBSTANCE SHOULD HAVE BEEN SUSTAINED BECAUSE THE PROPER CHAIN OF CUSTODY WAS NOT ESTABLISHED.

Appellant contends the gelcaps of cocaine, State's Exhibit No. 4, were improperly admitted into evidence because the state failed to establish an unbroken chain of custody. He argues there were three missing links in the chain of custody as it was presented at trial. The alleged missing links were the absence of testimonies by Officer Holbrook's secretary, in that she was the last person to handle the evidence before it was mailed to the state crime lab; the evidence receiving technician at the crime lab who actually received the evidence, checked it in and assigned it a laboratory case number; and possibly a second receiving technician who, following the analysis of the evidence, checked it back into the receiving room until such time as it was mailed back to Officer Holbrook. Appellant neither claims the evidence has been tampered with nor that it has been altered in any way; he simply asserts there are missing links in the chain of custody. Appellant's argument is without merit.

The purpose of establishing the chain of custody is to prevent the introduction of evidence which is not authentic. *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986). To prove its authenticity the state must demonstrate a reasonable probability that the evidence has not been altered in any significant manner. *Wilson* v. *State*, 277 Ark. 43, 639 S.W.2d 45 (1982). To allow introduction of physical evidence, it is not necessary that every moment from the time the evidence comes into the possession of a law enforcement agency until it is introduced at trial be accounted for by every person who could have conceivably come in contact with the evidence during that period. *Phills* v. *State*, 301 Ark. 265, 783 S.W.2d 348 (1990). Nor is it necessary that every possibility of tampering be eliminated; it is only necessary that the trial judge, in his discretion, be satisfied that the evidence presented is genuine and, in reasonable probability, has not been tampered with. *Munnerlyn* v. *State*, 264 Ark. 928, 576 S.W.2d 714 (1979).

At trial Officer Holbrook positively identified the matchbox and the gelcaps, State's Exhibit No. 4, as that which he purchased from appellant. He explained the routine he went through in preparing the evidence to be sent to the state crime lab. He said he placed both the gelcaps and the matchbox containing them in a plastic bag, sealed the bag, and wrote both appellant's name and his own initials on it. Officer Holbrook also testified that when he received the evidence back from the state crime lab the seal had not been broken.

Norman Kemper, the drug chemist for the Arkansas State Crime Laboratory, in his testimony, explained how evidence is submitted to the crime lab. He said it is submitted "in a sealed condition" either by a law enforcement officer personally or by certified mail. Mr. Kemper said that upon arrival, the evidence is checked in by a laboratory evidence receiving technician and assigned a laboratory case number for identification purposes. The evidence in the case at bar was submitted by certified mail and, as evidenced by the signature on the green card which is part of the certified mail documentation, received by Renee Rice, an evidence receiving technician.

Mr. Kemper further explained for the jury the safeguards the investigators as well as the state crime lab personnel utilize to

preserve the integrity of the evidence. He said, "[w]hen we receive evidence into the Lab, we try, if at all possible, not to disturb the original seal. . . . We try to make another incision on the envelope if possible and reseal it. Every time we reseal it we put our initials on it." During his testimony Mr. Kemper examined the envelope in which the evidence had been mailed to the crime lab and observed, "[t]his end apparently was opened by the evidence technician. She had to open it somehow to retrieve the envelope and the submission sheet that was inside the envelope, and she put her initials across it."

Mr. Kemper continued saying that after the evidence is checked in and assigned a case number it is given to him for analysis. He testified that upon receiving this particular evidence, he analyzed it, resealed it, marked it and initialed it. Mr. Kemper identified both his seal and his signature on the bottom of the envelope and pointed out that he wrote both the date on which he originally opened the envelope and the date on which he sealed it. Upon completing this routine he said he turned the evidence back into the receiving room where it was checked in until such time as it was mailed back to Officer Holbrook.

From our review of the testimony presented by the state in establishing the chain of custody, we cannot say the trial judge abused his discretion in allowing the introduction of State's Exhibit No. 4.

Affirmed.