966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Matthew W. GILLIAM Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.
 No. 91-3804.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 3, 1992.
Filed: June 8, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Matthew W. Gilliam, an Arkansas inmate, appeals from the district court's[1] order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.
 
 
 2
 In 1989, Gilliam was sentenced to twenty years imprisonment upon his conviction of delivering a controlled substance. The Arkansas Court of Appeals rejected Gilliam's argument on appeal that the trial court erred in admitting into evidence a rock of cocaine base allegedly sold by Gilliam to a confidential informant. Gilliam v. State, No. 90-104, slip op. (Ark. Ct. App. Mar. 13, 1991) (unpublished). Gilliam did not seek any other post-conviction relief.
 
 
 3
 Gilliam then filed the instant section 2254 petition asserting that the admission of the cocaine into evidence violated his due process rights. Specifically, Gilliam alleged that the crime lab expert who analyzed the substance and found it to be cocaine did not testify that he had received the substance from the officer who submitted it for analysis.
 
 
 4
 The magistrate judge concluded that Gilliam was not entitled to relief on his claim because Gilliam failed to assert the existence of any of the exceptions to the presumption of correctness of a state court's findings under section 2254(d). Moreover, Gilliam had failed to show that the trial court denied him due process in admitting the cocaine into evidence. The district court adopted the magistrate judge's report over Gilliam's objections and denied the section 2254 petition.
 
 
 5
 The district court properly held that Gilliam was not entitled to relief. Admissibility rulings will support the grant of habeas relief only when the alleged error infringes upon a specific constitutional right or is so prejudicial that it amounts to the denial of due process. See Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir.), cert. denied, 488 U.S. 928 (1988).
 
 
 6
 The Arkansas Court of Appeals carefully considered Gilliam's chain of custody argument and concluded that the trial court did not err in admitting the cocaine into evidence. Furthermore, Gilliam failed to show how admitting the cocaine was a denial of his right to due process. The establishment of a chain of custody for admitting evidence is a question of state law which does not often form the basis of constitutional error for federal habeas review. Scott v. Jones, 915 F.2d 1188, 1190 (8th Cir. 1990), cert. denied, 111 S. Ct. 1626-27 (1991). A sufficient chain of custody was established to find that there was a reasonable probability that the cocaine introduced was the cocaine bought by the informant from Gilliam. See Gomez v. State, 809 S.W.2d 809, 813-14 (1991).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Judge for the Eastern District of Arkansas, who adopted the report and recommendation of The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas