James H. WILLIAMS, Jr. *v.* STATE of Arkansas

CR 84-30                                    696 S.W.2d 307

Supreme Court of Arkansas
Opinion delivered September 16, 1985

*Law Office of Jim Lyons,* by: *Scott Emerson,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, James H. Williams, Jr., was charged on May 27, 1983 with capital murder in the stabbing death of Earl Johnson, of Jonesboro. He was convicted and sentenced to life in prison without parole. It is from that conviction that this appeal is brought. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(b).

The appellant raises four points in this appeal, but we decline to address them at this time because of the failure of both the appellant and the attorney general's office to properly address one of the points argued.

In his third issue, the appellant claims the trial court erred in holding that two statements he made to law enforcement officers were admissible into evidence. The appellant bases this argument on the fact the statements were post-indictment statements made in the absence of counsel and therefore violative of the sixth and fourteenth amendments to the United States Constitution.

A *Denno* hearing was conducted to determine the voluntariness of the statements. Subsequently, the appellant's statement was ruled voluntary and admissible. The state, however, never introduced it during the course of the trial. Instead, the appellant's attorney placed it in evidence during his case in chief by having the police officer who took the statement play a tape recording of the statement for the jury. Before the statement was played, the following colloquy took place:

> *Mr. Lyons*: Your honor, at this time, I would like to play it before the jury.
>
> *The court*: Just a minute.
>
> (Whereupon, an off the record discussion was held at the bench)
>
> *Mr. Lyons*: For the record, the defense attorney states he is waiving any objection, based on voluntariness of this confession.
>
> *The court*: The previous hearing, having been had before the court where the question of voluntariness had been raised, the court having ruled the confession to be voluntary. Now Mr. Lyons is attempting to introduce the statement which the court will allow. As indicated for the

record, the previous motion has been withdrawn, and he consents to it and agrees that it was voluntarily made. You may proceed.

It is obvious from a perusal of the record that the appellant, through counsel, attempted to waive any objection, based on the voluntariness of this confession. Does placing appellant's statement into evidence during the course of the trial effectively waive appellant's sixth amendment right to counsel during the taking of the statements?

■ The court is unable to address this issue since neither the appellant, nor the attorney general has abstracted the record concerning the introduction of the appellant's statement into evidence, nor have they briefed this issue.

■ In cases such as this involving a criminal defendant who has been sentenced to life without parole, our policy is to search the record for errors. See Sup. Ct. R. 11(f). Under the circumstances it is only appropriate that this potential error be called to the attention of both appellant and appellee for further discussion.

Accordingly, a rebriefing is ordered. The appellee is given 15 days to rebrief the issue in question, such brief not to exceed 15 pages; appellant has 10 days to reply with the reply not to exceed 10 pages.

Rebriefing ordered.

PURTLE, J., not participating.