Gary Dean SAMPLES *v.* STATE of Arkansas

CA CR 94-667                                    902 S.W.2d 257

Court of Appeals of Arkansas
En Banc
Opinion delivered July 5, 1995
[Rehearing denied August 16, 1995.*]

*Cooper and Mayfield, JJ., would grant.

164

*Coker & Coker, P.A.*, by: *Keith D. Coker*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Gary Dean Samples appeals from his conviction at a jury trial of sexual abuse in the first degree for which he was sentenced to eight years in the Arkansas

Department of Correction and fined $2,500.00. Appellant raises numerous points for reversal. We find no error and affirm.

■ Appellant moved for a directed verdict arguing that the State failed to prove that he was at least 18 years of age, an element of the offense. Ark. Code Ann. § 5-14-108(a)(3). A motion for directed verdict is a challenge to the sufficiency of the evidence, and we review the sufficiency argument prior to a review of any alleged trial errors. *Lukach* v. *State*, 310 Ark. 119, 835 S.W.2d 852 (1992). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence. *Thomas* v. *State*, 312 Ark. 158, 847 S.W.2d 695 (1993). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Moore* v. *State*, 315 Ark. 131, 864 S.W.2d 863 (1993). In determining the sufficiency of the evidence, we review the proof in the light most favorable to the appellee, considering only that evidence which tends to support the verdict. *Brown* v. *State*, 309 Ark. 503, 832 S.W.2d 477 (1992).

■ In denying appellant's motion for a directed verdict based on a failure to prove majority age, the court noted that appellant's physical appearance was circumstantial evidence of his age. There are three schools of thought on the use of physical appearance as proof of age. *State In Interest of A.N.*, 630 A.2d 1183 (N.J. Super. 1993). The first group of jurisdictions holds that physical appearance alone, if brought to the fact finder's attention, will be enough to prove the defendant's age. *See Weaver* v. *State*, 568 So.2d 309 (Ala. 1989). The second group of jurisdictions requires some evidence other than physical appearance to prove age. *See State* v. *Richey*, 298 S.E.2d 879 (W.Va. 1982). The third group of jurisdictions states that physical appearance alone is sufficient proof if the defendant's appearance obviously indicates an age well above that required to be proven although less obvious cases would require proof in addition to physical appearance. *See Jewell* v. *Commonwealth*, 382 S.E.2d 259 (Va. App. 1989). We need not decide whether physical appearance alone is sufficient proof because the State introduced a Crime Laboratory Evidence Submission Form into evidence that stated appellant was born 9/13/58. The appellant did not abstract this exhibit. It was received in evidence without objection and without a request for a limiting instruction. We do not agree that

there was no substantial evidence that appellant was at least 18 years of age.

Appellant also contends that there was insufficient evidence to support the conviction because no physical evidence was linked to him and the victim's testimony was not sufficient to sustain his conviction. A person commits sexual abuse of the first degree, as defined by Ark. Code Ann. § 5-14-108(a)(3) (Repl. 1993), if being 18 years old or older, he engages in sexual contact with a person not his spouse who is less than 14 years old. "Sexual contact" means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, or buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(8) (Repl. 1993).

The victim, age 13, testified that during the night of October 26, 1992, she wore a night gown and panties as she slept with her face toward the back of the couch. She stated that appellant, her mother's boyfriend, uncovered her, came up against her and rubbed his penis against her buttock through her panties. She said he rubbed against her a few minutes and returned several more times doing the same. She went to her mother's room, awakened her and told her what had occurred. The victim's mother removed her daughter's underwear and took her to the hospital for examination. The forensic serologist with the Arkansas Crime Laboratory testified that he identified semen on the underwear.

The victim's mother testified that on the night of October 26, 1992, appellant wanted to have sex and she refused. Appellant was angry and went to the living room where her daughter was sleeping on the couch. The mother said she was awakened by her crying daughter who said appellant was "bothering" her. They went into the bathroom where she noticed her daughter's underwear was wet and sticky in the back.

A rape victim's testimony alone is sufficient to uphold a conviction. *Skiver* v. *State*, 37 Ark. App. 146, 826 S.W.2d 309 (1992). Here, however, we also have the testimony of the victim's mother and physical evidence. There is substantial evidence to uphold the conviction.

Appellant also argues that his Sixth Amendment right to a speedy trial was violated. The Sixth Amendment guarantees that

"[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial. . . ." Arkansas Rule of Criminal Procedure 28.2(a) provides that the time for trial shall commence running "from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty *to answer for* the same offense. . ., then the time for trial shall commence running from the date of the arrest." (Emphasis added) Appellant argues that he was arrested on October 26, 1992. At that time he was patted down, handcuffed, placed in a police vehicle, taken to the police station, and Mirandized by police officers. When interrogation was attempted, appellant invoked his right to counsel. The questioning was terminated, and appellant was released without being charged, required to post bail or given a court date.

We need not decide whether appellant was "arrested" for purposes of the speedy trial clause. Under Rule 28.2(a) appellant was not held in custody, did not post bail, was not charged, and was not released with instructions to return for a court date or to otherwise answer for the offense. Therefore, we do not find that appellant's right to a speedy trial was violated because he was charged on March 9, 1993, arrested on March 11, 1993, and tried on December 8, 1993.

Appellant's next arguments concern two jurors whom he asserts should have been excused for cause based on actual or implied bias. He contends that these jurors would favor the prosecution. One juror's daughter worked in the hot check division of the prosecutor's office. Another juror's two sons were deputy prosecutors in Louisiana. Both jurors testified that there was nothing about these relationships that would cause them to favor the prosecution. Jurors are presumed unbiased and the burden of proving bias is on the party challenging the juror. *Wilburn* v. *State*, 292 Ark. 416, 730 S.W.2d 491 (1987). Whether a juror is impartial is a decision within the trial court's discretion, and his determination is not reversed on appeal absent a manifest abuse of discretion. *McFarland* v. *State*, 284 Ark. 533, 684 S.W.2d 233 (1985). We find no abuse of discretion. Having found no error, we need not address appellant's argument that he was forced to accept the second juror because he used his last peremptory challenge on the first juror who was not excused for cause.

Appellant's next argument is the court erred in admitting the victim's underwear into evidence because a break in the chain of custody was established. The victim's mother stated that she removed the underwear from her daughter, took them to the hospital, and there Cpl. John Serrette put them in a plastic bag. Detective Davis testified that on October 26, he received the underwear from the examining physician at the hospital, Dr. Sandra Young. He later placed them in an evidence locker. Corporal Serrette said that he completed the evidence tag and that the sealed container holding the evidence remained sealed until it was sent to the Crime Lab. Detective Davis said that Sgt. Alan Bradley removed the evidence from the locker and that Davis sent the evidence to the Crime Lab on October 26. Appellant argues that there is a gap in the chain of custody from Dr. Young to Cpl. John Serrette and from Sgt. Alan Bradley to Det. David Davis.

■ ■ To allow introduction of physical evidence, it is not necessary that every moment from the time the evidence comes into possession of a law enforcement agency until it is introduced at trial be accounted for by every person who could have conceivably come into contact with the evidence. *Gomez* v. *State*, 305 Ark. 496, 809 S.W.2d 809 (1991). The State must demonstrate only that with a reasonable probability the evidence has not been altered in any significant manner, and it is not necessary that every possibility of tampering be eliminated. *Id.* It is necessary only that the trial judge be satisfied that the evidence is genuine and, in reasonable probability, has not been tampered with. *Id.* Here, we cannot conclude that the court abused its discretion in admitting the evidence.

■ ■ Appellant next argues testimony concerning the victim's prior "sexual conduct" was admissible under Ark. Code Ann. § 16-42-101 (Repl. 1994), the Rape Shield Statute, and that testimony insufficient to be "sexual conduct" was admissible because the statute is inapplicable. The Rape Shield Statute is designed to protect the victim from unnecessary humiliation where the conduct is irrelevant. *Gaines* v. *State*, 313 Ark. 561, 855 S.W.2d 956 (1993). Generally, the statute excludes evidence of the victim's prior "sexual conduct," i.e. deviate sexual activity, sexual contact or sexual intercourse as defined by Ark. Code Ann. § 5-14-101 (Repl. 1993). Ark. Code Ann. § 16-42-101(a)

(Repl. 1994). There was testimony from the pretrial hearing that the victim thought she might be pregnant, that the victim hung out at the skating rink where she hugged and kissed boys, and that boys were outside the victim's bedroom window. Appellant sought to admit this testimony that he deemed was not "sexual conduct" protected by the Rape Shield Statute. *Slater* v. *State*, 310 Ark. 73, 832 S.W.2d 846 (1992). The court ruled that this testimony was irrelevant and inadmissible, and we cannot say that the court abused its discretion.

■ There was also evidence to which the Rape Shield Statute applied. When the victim asserts that allegations of prior sexual conduct against the defendant or any other person are true or does not deny making the allegations, the evidence is excluded under the statute. Ark. Code Ann. § 16-42-101(b). The victim did not deny that she had made sexual allegations against her step-grandfather. She further described what occurred in the encounter with her step-grandfather. The trial court is vested with a great deal of discretion in ruling whether prior sexual conduct of the victim is relevant, and we do not overturn its decision unless it was clearly erroneous. *Gaines* v. *State, supra*. The court's decision to exclude from the evidence the victim's allegations against her step-grandfather was not clearly erroneous.

■ Appellant's final argument concerns the State's rebuttal closing argument during which the appellant contends the prosecutor commented on the defense's failure to call Dr. Young or Detective Davis to testify even though they had been subpoenaed. Appellant argues these comments impermissibly appeared to shift the burden to appellant to prove his innocence. However, appellant failed to object on this basis below. *Clark* v. *State*, 26 Ark. App. 268, 764 S.W.2d 458 (1989). Appellant objected on the basis that failure of a subpoenaed witness to testify was not evidence. We note that appellant stated in his closing argument that the State failed to call Dr. Young and Detective Davis and the State's comment on rebuttal was in response thereto.

■ Appellant also argues that during the State's closing argument the State impermissibly referred to him as a "sexual deviate," a "pervert," and stated that, "he's taking pictures of this community's children." There was testimony that appellant had

a photographic studio and took pictures of children. A prosecutor is allowed to argue any inference reasonably and legitimately deducible from the evidence. *Dixon* v. *State*, 310 Ark. 460, 839 S.W.2d 173 (1992). Moreover, the trial court has wide discretion in controlling the arguments of counsel. *Yedrysek* v. *State*, 293 Ark. 541, 739 S.W.2d 672 (1987). We find no abuse of discretion.

Finding no error, we affirm appellant's conviction.

Affirmed.

COOPER, J., concurs.

MAYFIELD, J., dissents.

JAMES R. COOPER, Judge, concurring. Although I agree with the majority's holding that there is substantial evidence to support a finding that the appellant was at least 18 years of age at the time of the offense, I do not agree that such a finding need be based on the evidence submission form, which purports only to be a receipt for the victim's underwear upon delivery thereof to the State Crime Laboratory. Instead, I would join the third group of jurisdictions mentioned in *State In Interest of A.N.*, 630 A.2d 1183 (N.J. Super. 1993), and hold that the appellant's physical appearance could be considered as proof of age and that, taken together, the appellant's physical appearance and the evidence submission form constitute substantial evidence of the appellant's age.

Adopting this approach would be consistent with prior Arkansas practice. In *Gurley* v. *State*, 179 Ark. 1149, 20 S.W.2d 886 (1929), the Arkansas Supreme Court held that proof of age could be provided by the jury's observation of the defendant in court, in addition to testimony regarding the length of a witness's acquaintance with the defendant.

Therefore, while I agree with the result obtained by the majority, I would rest the decision upon the principle that age may be proven in many different ways, including the appearance of the defendant to the jury. *Clark* v. *State*, 246 Ark. 876, 440 S.W.2d 205 (1969) (Fogleman, J., concurring).

I concur.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the majority opinion which decides this case. The majority opinion states that we need not decide whether physical appearance alone is sufficient proof of age because a Crime Laboratory Evidence Submission Form has been found in the record and it states he was born "9/13/58."

This was simply a form showing that one pair of girl's panties were being sent to the crime lab for examination. There is no reference to the form in any brief or abstract in this case. The case was argued orally and neither attorney mentioned this form, and the court hearing the argument knew nothing about it at that time.

Under these circumstances where neither the attorneys on appeal nor the appellate judges knew about this form or the information thereon until after oral argument, I think we should ask the attorneys to brief this new development before we decide the case. There is precedent for this approach. *See Williams* v. *State*, 286 Ark. 492, 696 S.W.2d 307 (1985) (rebriefing ordered because neither party had abstracted the record concerning the introduction of the defendant's confession into evidence, nor had they briefed the issue).

Therefore, I dissent from the opinion that decides this case without affording the parties an opportunity to brief the point raised by the information on the Laboratory Evidence Submission Form.