Cite as 2025 Ark. App. 345

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-24-336

| | |
|---|---|
| JOSPEH GILBERT<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered June 4, 2025<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CR-19-50]<br><br>HONORABLE ALEX GUYNN, JUDGE<br><br>REVERSED AND DISMISSED |

**RAYMOND R. ABRAMSON, Judge**

Joseph Gilbert appeals his conviction of first-degree battery. On appeal, he argues that the circuit court erred by denying his motion to dismiss for lack of speedy trial, his directed-verdict motion, and his motion in limine.[1] We agree that Gilbert's right to a speedy trial was violated, and we therefore reverse and dismiss the case.[2]

On November 17, 2018, Alesha McWhorter was shot in her home. On November 18, Pine Bluff Police Detective Donald Griffin shackled and questioned Gilbert at the

---

[1]Judge Alex Guynn issued the ruling denying Gilbert's motion to dismiss for lack of speedy trial. Judge Edwards sat by special assignment for Gilbert's jury trial. At trial, Judge Edwards relied on Judge Guynn's finding denying the speedy-trial motion.

[2]We certified this case to the supreme court, but the court declined to accept the case for its docket.

detective office about the shooting but ultimately released him. On January 31, 2019, the State filed a criminal information charging Gilbert with first-degree battery and as a habitual offender. On October 21, 2022, Gilbert was served an arrest warrant for first-degree battery.[3]

On July 21, 2023, Gilbert moved to dismiss for lack of speedy trial. He asserted that his right to a speedy trial attached on November 18, 2018, when Detective Griffin arrested him. He pointed out that the State had not tried his case, and he asked the court for a hearing and to dismiss the criminal information against him with prejudice.

On August 8, the court held a hearing. Detective Griffin testified that he investigated the shooting of McWhorter and that he developed Gilbert as a suspect on the basis of McWhorter's statements. He explained that he "put out a BOLO" for Gilbert and that Gilbert voluntarily came to the detective office on November 18, 2018. He testified he placed Gilbert in a separate room and shackled him to a chair. He noted that he shackled Gilbert because "we had people run out of funds at our floor and I was interviewing him by myself." Detective Griffin stated that he read *Miranda* warnings to Gilbert and that Gilbert gave a statement that he was at a hotel during the shooting. He noted that after Gilbert gave the statement, Gilbert left the office. Detective Griffin could not recall how long Gilbert was at the office, but he stated "it wasn't long." Detective Griffin also testified that Gilbert was in custody and was not free to leave. At the conclusion of the hearing, the court denied Gilbert's

---

[3]The record does not explain why it took over three and a half years to serve the arrest warrant.

motion to dismiss for lack of speedy trial, and on November 28, the court entered a written order.

On November 29, the court held a trial, and the jury found Gilbert guilty of first-degree battery. He was sentenced to an aggregate term of sixty years' imprisonment. Gilbert appealed his conviction.

On appeal, Gilbert argues that the circuit court erred by denying his motion to dismiss for lack of speedy trial. He asserts that his right to a speedy trial attached on November 18, 2018, when Detective Griffin arrested him.

The State responds that Gilbert was not arrested on November 18 but was only interrogated and released. The State asserts that Gilbert's speedy-trial rights attached on October 21, 2022, when he was served with an arrest warrant and taken into custody and that the speedy-trial period had therefore not expired when Gilbert filed the motion on July 21, 2023.

Arkansas Rule of Criminal Procedure 28.1 establishes that there is a twelve-month limitation period for bringing a defendant to trial. Specifically, Rule 28.1(c) provides that

> [a]ny defendant charged with an offense and held to bail, or otherwise lawfully set at liberty, including released from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Arkansas Rule of Criminal Procedure 28.2(a) provides:

> The time for trial shall commence running from the date of arrest or service of summons.

Thus, the issue here is whether Gilbert was arrested on November 18, 2018, for purposes of commencing speedy trial.

When we construe a court rule, our review is de novo, and we use the same means and canons of construction that we use to interpret statutes. *Treat v. State*, 2019 Ark. 326, 588 S.W.3d 10. The first rule of construction is to construe the rule just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language is plain and unambiguous, there is no need to resort to rules of statutory construction. *Id.*

Here, Rule 28.2(a) is plain and unambiguous. In construing the rule just as it reads and giving "arrest" its ordinary and usually accepted meaning, Gilbert was arrested on November 18, 2018. There are many definitions for arrest in the law. *See, e.g.*, Ark. Code Ann. § 16-81-107 (Repl. 2005) ("An arrest is made by placing the person of the defendant in restraint or by his or her submitting to the custody of the person making the arrest."); *Smith v. State*, 321 Ark. 580, 906 S.W.2d 302 (1995) (explaining that whether a person has been seized within the meaning of the Fourth Amendment depends on whether, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."); *Black's Law Dictionary* (12th ed. 2024) (defining arrest as "1. A seizure or forcible restraint, esp. by legal authority. 2. The taking or keeping of a person in custody by legal authority, esp. in response to a criminal charge.").[4]

---

[4] "Arrest" is not defined in Rule 28 or anywhere else in the Arkansas Rules of Criminal Procedure.

Under any definition, Gilbert was arrested on that day. Detective Griffin put Gilbert in a separate room and shackled him to a chair. Detective Griffin Mirandized and interrogated Gilbert, and he testified that Gilbert was in custody and not free to leave. Thus, Gilbert was arrested on November 18, 2018, for purposes of commencing the time for speedy trial.

In arguing that Gilbert was not arrested on November 18, 2018, the State points out that Gilbert was released and did not have to answer for any criminal charge at that time. However, the 2007 amendment to Rule 28.2 is relevant to the State's argument. The pre-2007 rule provided that the time for trial shall commence running "from the date the charge is filed, except if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense." *See Willams v. State*, 271 Ark. 435, 609 S.W.2d 37 (1980) (applying the pre-2007 rule); *Samples v. State*, 50 Ark. App. 163, 902 S.W.2d 257 (1995) (applying the pre-2007 rule). However, Rule 28.2(a) no longer includes the "to answer for" language. *See State v. Weatherspoon*, 2009 Ark. 459 (discussing the 2007 amendment to Rule 28.2). The reporter's notes provide as follows:

> Prior to the 2007 amendment, this rule provided that the time for trial began to run on the date the charge was filed, except when the defendant was held in custody or on bail prior to the filing of the charge, in which case the time for trial began to run on the date of arrest. The 2007 amendment changed the speedy trial start date to the date of arrest, whether the charge is filed before or after that date. The reference to "service of summons" applies to those cases in which the defendant is brought before the court via a summons, rather than an arrest.

Ark. R. Crim. P. 28.2 rep. notes.

The supreme court discussed the 2007 amendments to Rule 28.2 in *Weatherspoon*, 2009 Ark. 459, and the *Weatherspoon* facts are strikingly similar to this case. The defendant was arrested but released without a court date or posting bond. *Id.* The State later filed charges and served him with a bench warrant. *Id.* The defendant moved to dismiss for lack of speedy trial, alleging that speedy trial commenced on the date of the initial arrest. *Id.* The court granted the motion and dismissed the case for lack of speedy trial. *Id.* The State appealed and contended that the initial arrest did not trigger speedy trial because the defendant was not held in custody, did not post bail, and was not released with instructions to return for a court date. *Id.* However, the pre-2007 rule applied, and the State could appeal only if the decision would be important to the correct and uniform administration of the law. *Id.* The supreme court concluded that it would not because the State challenged the interpretation of a prior version of the rule. *Id.* The court thus dismissed the appeal. *Id.* The supreme court, however, explained that Rule 28.2(a) "was amended in 2007 to simply instruct, '[t]he time for trial shall commence running from the date of arrest or service of summons.'" *Id.* at 5.

Accordingly, the time from November 18, 2018, the date of Gilbert's arrest, to July 21, 2023, the filing of Gilbert's motion to dismiss, exceeds the requisite 365-day period, and the State does not argue that excusable periods bring the time within 365 days. Thus, we must reverse and dismiss the case. Because we reverse and dismiss on speedy-trial grounds, we decline to reach Gilbert's remaining arguments on appeal. S*ee Durdin v. State*, 59 Ark. App. 207, 955 S.W.2d 912 (1997).

Reversed and dismissed.

KLAPPENBACH, C.J., and MURPHY, J., agree.

*Terrence Cain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.